In re Estate of Peter Meyers, deceased. Appeal of Mary E. Meyers and Rufus E. Meyers, Administrators of Dennis Meyers, deceased, and William H. Koontz, Administrator of Cyrus Meyers, deceased.

*Practice, O. C.—Conclusiveness of auditor's report—Promissory notes—Decedents' estates.*

An auditor's findings on sufficient evidence, confirmed by the court below, that two notes given to the decedent by his sons had been destroyed without the consent of all the distributees, will not be reversed by the Supreme Court.

Argued Oct. 14, 1896. Appeal, No. 169, Oct. T., 1896, by Mary E. Meyers et al., from decree of O. C. Somerset Co., dismissing exceptions to auditor's report. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to report of J. L. Pugh, Esq., auditor.

The facts appear by the material portion of the opinion of LONGENECKER, P. J., which is as follows :

The only other items of charge relate to the two notes alleged

to have been held by the decedent against his two sons, Cyrus
Meyers for $500 or $600 and Dennis Meyers for $1,000.   The
accountant does not seem to know much about these notes, but
Dr. W. H. Meyers swears positively to their existence, and says
that within a few days after the death of Peter Meyers, before
an inventory of the personal estate was taken, when he and his
brothers, including Cyrus and Dennis, examined their father's
papers, in the absence of their sisters, the two notes mentioned
were found among them.   He explains the kind of notes and
the considerations for them, and says they were then and there
destroyed at his suggestion.   He says, " I burned these notes.
I found there was nothing charged against me or any one else,
and I said, 'boys, lets make it all even,' and I burned them."
This is the only reason assigned for the strange proceeding.
He further says the two sisters were not present, and knew
nothing of the matter until within a year or so since.

The auditor holds the estate of Cyrus Meyers and Dennis
Meyers must be charged with these notes in the final adjust-
ment of the estate, but declines to pass on the question whether
interest shall be charged thereon, saying, " that is left an open
question for consideration when the estate is finally settled up
and equal distribution made; but he does decide that the estate
of Dennis Meyers shall be charged with the note of $1,000,
and the estate of Cyrus Meyers shall be charged with the note
of $600."

The exceptions filed to this report were not brought before
the auditor for his consideration, as they should have been, but
we assume that, consistently with the views contained in his
report, he would have overruled them.

In answer to the exceptions filed by counsel for the adminis-
trators of Cyrus Meyers and Dennis Meyers it may be said, the
facts were for the auditor, and we cannot say that the evidence
does not sustain his conclusions.   The fact that the notes did
not appear in the inventory comes to nothing if it is believed
that they were destroyed before it was taken; and if the sisters
learned of their existence and destruction only within a year or
so, the fact that several audits have taken place at which they
were not mentioned, cannot estop them, though it might so
affect others.

And now, September 20, 1895, in conformity with the fore-

going views, all the exceptions to the report of the auditor are overruled and his report is confirmed.

*Error assigned* was decree dismissing exceptions to auditor's report.

*H. S. Endsley* and *W. H. Koontz*, for appellants.

*Valentine Hay*, with him *J. R. Scott* and *A. J. Colborn*, for appellee.

Opinion by Mr. Justice Fell, January 4, 1897:

This appeal was argued with No. 168, supra, in which the opinion of the court has been filed. The question raised before the auditor was one of fact, and we are not convinced that there was not sufficient competent evidence to sustain his finding.

The decree is affirmed at the cost of the appellee.